UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In the Matter of:<br><br>Mirta Zuccala, Owner of a 2020 Sportsman 25' +/-Heritage 251, HIN SMNTH111J920, SC Registration # SC3572DR her engines, tackle, apparel, appurtenances, etc.,<br><br>For Exoneration from or Limitation of Liability. | Civil Action No.: 2:23-cv-1341-BHH<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

NOW COMES Mirta Zuccala as Owner of a 2020 Sportsman 25 +/- Heritage 251, HIN SMNTH111J920, SC Registration # SC3572DR, her engines, tackle, apparel, appurtenances, etc., and seeking exoneration from or limitation of liability, civil and maritime, pursuant to 46 U.S.C. § 30501, *et. seq.*, Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and as otherwise may be allowed by law and allege the following:

1. This is a case of admiralty and maritime jurisdiction over which the Court has subject matter jurisdiction pursuant to Title 28, Section 1333(1) of the United States Code. This Court's admiralty and maritime jurisdiction is invoked pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9) in that the Limitation Plaintiff's Vessel (as defined below) at issue is located within this District.

2. Limitation Plaintiff is a citizen and resident of Charleston County, South Carolina.

3. At all pertinent times, Mirta Zuccala ("Limitation Plaintiff") was the registered owner of a 2020 Sportsman 25' +/- Heritage 251, HIN SMNTH111J920, SC Registration # SC3572DR, her engines, tackle, apparel, appurtenances, etc. ("Vessel").

4. The Vessel is currently located within this District in Charleston County, South Carolina.

5. On October 8, 2022, Limitation Plaintiff's brother, Nicholas Zuccala ("Nicholas"), was using the Vessel for a pleasure, recreational trip, not for hire, around the navigable waters of Charleston County, South Carolina with the Limitation Plaintiff's permission ("the Voyage").

6. Upon information and belief, Tanner Gauthier ("Gauthier"), Jason Miller ("Miller"), and Macy Sweatman ("Sweatman") were passengers aboard the Vessel.

7. Nicholas is, and at all times relevant was, a trained and experienced operator of the Vessel, having operated the Vessel safely in the subject waters numerous times.

8. At or around 7:15 pm on October 8, 2022, the Vessel departed from the Upper Cooper River, near Riverfront Park Performance Pavilion in North Charleston, South Carolina, sailing south towards Charleston Harbor, attempting to return to Shem Creek. Shortly after departing, the Vessel collided with an improperly lit dredge pipe ("the Incident").

9. Upon information and belief, Marinex Construction Company, Inc. ("Marinex") was performing dredging operations to deepen the navigable channel along the Cooper River. Marinex had approximately 600 feet of float line in the water along the Cooper River during its dredging operation.

10. Upon information and belief, no alleged claim or potential claim of anyone nor any alleged injury to anyone aboard the Vessel or otherwise was caused or contributed to by any fault or negligence on the party of the Limitation Plaintiff, the Vessel, or anyone for whom the Limitation Plaintiff is legally responsible.

11. Upon information and belief, any injury alleged or potential claim arising out of the Incident by anyone aboard nor not aboard the Vessel, or representatives thereof, was occasioned or incurred without the privity or knowledge of the Limitation Plaintiff.

12. Upon information and belief, the Incident and any alleged injuries or damages occurring therefrom were occasioned and incurred as a result of causes other than the negligence of the Limitation Plaintiff, including but not limited to fault of Marinex.

13. The Limitation Plaintiff invokes the benefits of the Limitation of Shipowners' Liability Act, 46, U.S.C.A. § 30501, *et. seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime of the Congress of the United States, whether named herein or not, granted or providing for exoneration from or limitation of liability to vessel owners.  In this regard, the Limitation Plaintiff will show that neither she nor the Vessel are liable to any extent, and that they are each entitled to exoneration from liability for all losses, damages, or injury occasioned by reason of the matters aforesaid.  Alternatively, and without admitting liability, the Limitation Plaintiff will show that, in the event she is found liable to any party by reason of the Incident described herein, the Limitation Plaintiff is entitled to limit her liability to the value of her interest in the Vessel immediately after the Incident.

14. The Limitation Plaintiff used diligence to ensure that the Vessel was seaworthy and, upon information and belief, at the commencement of the Voyage, and at all times during the Voyage, she was tight, staunch, strong, fully equipped and supplied, seaworthy and fit for the service in which she was engaged.

15. The Limitation Plaintiff has knowledge of or can anticipate claims by Gauthier and the Estate of Macy Sweatman arising out of the Incident. It is possible that Marinex may attempt to make some claim against the Limitation Plaintiff. No other demands or claims are known to exist relating to the Voyage in question.

16. The value of the Limitation Plaintiff's interest in the Vessel at the close of the Voyage and including all her engines, tackle, apparel, appurtenances, etc. did not exceed One Thousand and 00/100 dollars ($1,000.00) as further evidenced by the Affidavit of Marine Surveyor, Douglas Alling, which is attached as Exhibit 1.

17. The amount of claims anticipated against the Limitation Plaintiff and the Vessel are expected to exceed the value of the Limitation Plaintiff's interest in the Vessel, including pending freight.

18. This Compliant is filed not later than six (6) months after the Voyage, let alone after receipt of any claim in writing.

19. Venue for this Complaint lies within this District; the Vessel has not been arrested; Limitation Plaintiff, to her knowledge, has not been sued with respect to any claim relating to the Voyage and/or Incident; and the Vessel is currently located in Charleston, South Carolina, thus, within this District and Division.

20. Subject to an appraisal of the Limitation Plaintiff's interest on a reference, the Limitation Plaintiff, contemporaneously with the filing of this Complaint, is submitting

an A*d Interim* Stipulation of value not less than or equal to the amount or value of Limitation Plaintiff's interest in the Vessel and pending freight in the sum of One Thousand, Five Hundred and 00/100 dollars ($1,500.00) (being a sum equal to the amount of value of the Limitation Plaintiff's interest in the Vessel ($1,000.00), pending freight, plus costs ($500), per Supplemental Rule F(1) plus interest at the rate of 6% per annum from the date of the security).

21. Limitation Plaintiff invokes admiralty and maritime law and jurisdiction and further seek exoneration from or limitation of liability for any and all claims arising out of the Voyage and/or Incident.

WHEREFORE, Limitation Plaintiff prays this Honorable Court will:

(a) Enter an Order accepting the Limitation Plaintiff's stipulation of value as approved security for such estimated value of Limitation Plaintiff's interest in the Vessel and pending freight and thereupon release the Vessel from any and all liability in the premises, said *Ad Interim* Stipulation and undertaking to be continued in force and effect until the value of Limitation Plaintiff's interest in the Vessel might be more fully determined, if requested, in which event Limitation Plaintiff shall, thereupon, either pay the additional amount into the Court or issue such additional bond, approved security, or stipulation sufficient to fully cover such appraisal.

(b) Issue a notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage and/or Incident against Limitation Plaintiff and/or the Vessel, citing and admonishing them to answer

    the allegations of this Complaint in accordance with the law and practice of this Honorable Court, or otherwise, as and when ordered by the Court;

(c) Except in these proceedings for exoneration from or limitation of liability, issue an injunction enjoining and restraining any and all persons, firms, or corporations claiming damages or losses resulting from the aforesaid Voyage and/or the Incident from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiff and/or the Vessel, and also, except in this proceeding, enjoining and restraining any and all persons, firms, or corporations from commencing or prosecuting any claims, suits, actions, or other proceedings of any nature or description against Limitation Plaintiff and/or the Vessel whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage and/or the Incident;

(d) Order that said notice as required by Supplemental Rule F(4) shall be published in the <u>Post and Courier</u>, a general circulations printed and published in Charleston County, South Carolina; once each week for four (4) consecutive weeks before the return date of the notice;

(e) Adjudge and decree in this proceeding that the Limitation Plaintiff and the Vessel are not liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with or incidental to the Voyage and/or the Incident; or if the Court shall adjudge that the Limitation Plaintiff and the Vessel are liable for all or any part of said claims or demands, then Order that the liability of the Limitation Plaintiff be limited to

the value of their interest in the Vessel and pending freight as of the conclusion of the Voyage, and that the monies paid or secured to be paid as aforesaid be divided *pro rata* among the claims filed as provided by law, and that the Limitation Plaintiff and the Vessel be discharged from all further liability;

(f) Declare that all persons, firms, or corporations who fail to file a claim in this proceeding are in default and are forever barred from making any claim for such loss, damage, injury, or expense in this proceeding, or in any other proceeding related to the Incident or the alleged acts or omissions of Limitation Plaintiff; and

(g) Enter such other Orders as will give to the Limitation Plaintiff and the Vessel such other and further relief as may be just and proper in the premises.

CLAWSON and STAUBES, LLC

  *s/Timothy A. Domin*  
Timothy A. Domin  
D.S.C. Fed. Bar No.: 5828  
Jack H. Bonds  
D.S.C. Fed. Bar No.: 13806  
126 Seven Farms Drive, Suite 200  
Charleston, South Carolina 29492-8144  
Phone: (843) 577-2026  
Fax: (843) 722-2867  
CLAWSON and STAUBES, LLC  
Email: Tdomin@cslaw.com  
jbonds@cslaw.com  
Attorneys for Mirta Zuccala  
Limitation Plaintiff

Charleston, South Carolina

April 3, 2023